Prestige Beauty Group shall inform the Court by letter on the docket by January 29, 2024, whether it consents to transfer of the motion to compel to the United States District Court for the Central District of California pursuant to Federal Rule of Civil Procedure 45(f).
Date: January 19, 2024

SO ORDERED.

LEWIS J. LIMAN
United States District Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In the Matter of Subpoena Issued to Third-Party Prestige Beauty Group, LLC in Action Pending in the United States District Court for the Central District of California entitled<br><br>ABERCROMBIE & FITCH TRADING, CO., an Ohio Corporation,<br><br>              Plaintiff,<br><br>        v.<br><br>BEAUTY ENCOUNTER, INC., a California Corporation; A.A. IRIE PERFUME, INC., a Florida Corporation; HAZ INTERNATIONAL, INC., a Delaware Corporation; L.A. FRAGRANCES, INC., a California Corporation; NANDANSONS INTERNATIONAL, INC., a New York Corporation; PM TRADING CORP, a California Corporation; PRESTIGE BEAUTY GROUP, LLC, a New Jersey limited liability company; and DOES 1-10, inclusive,<br><br>              Defendants. | Misc Case No. 1:23-mc-00492<br><br>Pending in Central District of California, Case No. 8:23-cv-00496-WLH-ADSx<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES AND DOCUMENTS IN RESPONSE TO SUBPOENA AGAINST PRESTIGE BEAUTY GROUP, LLC**<br><br>SO ORDERED.<br><br>LEWIS J. LIMAN<br>United States District Judge |

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This Motion to Compel concerns defaulting defendant and third-party Prestige Beauty Group, LLC's ("Prestige") failure to produce documents in response to the Subpoena issued by plaintiff Abercrombie & Fitch Trading, Co.

("Plaintiff" or "Abercrombie").  In this trademark infringement and counterfeiting matter, Plaintiff asserts that Prestige, as well as other defendants, manufactured, distributed, offered for sale, and/or sold the "Accused Products" – fragrance products that imitate legitimate Abercrombie FIERCE cologne as shown below:

 

What started as a case against a single defendant – Beauty Encounter, Inc. ("Beauty Encounter") – is turning out to be an intricate and seemingly never-ending web of infringers.  Plaintiff made several investigative purchases of the Accused Products from Beauty Encounter and confirmed they were counterfeit.  Through discovery, Plaintiff tracked Beauty Encounter's suppliers, the largest of which appears to be Prestige, who purchased more than $2 million worth of the Accused Products from a Singaporean entity.  Abercrombie does not sell to nor has ever authorized this Singaporean entity to sell legitimate Abercrombie products.

Although Plaintiff is aware of two of Prestige's customers – Beauty Encounter and defendant PM Trading Corp ("PM Trading") – Prestige conceals documents relating to its sales of the Accused Products (among other things) by conspicuously stating that it is "not in *possession* nor has any documents" in response to Plaintiff's Subpoena for Documents.  These responses are not only questionable in light of Prestige's sophisticated operations, but also ignores the

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL**

"custody or control" tenet of FRCP 45.  Accordingly, Plaintiff brings this Motion to compel Prestige's further responses and documents to confirm that Prestige has conducted a diligent search and reasonable inquiry as required and that all responsive documents in its "possession, custody, and control" have been produced.

## II.   STATEMENT OF RELEVANT FACTS

On March 20, 2023, Plaintiff filed its initial Complaint against Beauty Encounter in the Central District of California.  Through discovery, Plaintiff learned that Beauty Encounter purchased the Accused Products from six suppliers, including PM Trading and Prestige. Blakely Decl. ¶ 2.  PM Trading also obtained the Accused Products from Prestige and another entity. *Id.*

On August 18, 2023, Plaintiff issued a Subpoena to Produce Documents to Prestige, who was served with the same on August 21, 2023. Blakely Decl. ¶ 3, Exhs. A, B.  The Subpoena requested Prestige to comply at Plaintiff's counsel's New York office, 247 Water Street, Unit 1, New York, New York 10038, which is within 100 miles of Prestige, located at 5 Sutton Place, Edison, New Jersey 08817. *Id.*; Fed. R. Civ. Proc. 45(c).  Prestige's response was due September 1, 2023. Blakely Decl. ¶ 3.

On October 2, 2023, Plaintiff filed its First Amended Complaint adding Prestige (and others) as a defendant. Blakely Decl. ¶ 4.  As Prestige failed to Answer, the Clerk entered default against Prestige. *Id.*

On December 1, 2023, Prestige finally responded to the Subpoena at issue in this Motion. Blakely Decl. ¶ 5, Exh. C.  The only documents it provided were invoices and purchase orders between Prestige and its supplier in Singapore. *Id.*

On December 4, 2023, Plaintiff began meeting and conferring with Prestige by asking whether Prestige has any other documents responsive to the Subpoena,

including but not limited to, sales records, given Plaintiff is aware of at least two of Prestige's customers (PM Trading and Beauty Encounter). Blakely Decl. ¶ 6.

On December 5, 2023, pursuant to the CDCA's Local Rules, Plaintiff issued a meet and confer letter to Prestige and requested a teleconference within 10 days. Blakely Decl. ¶ 7.  To date, Plaintiff has not heard a response from Prestige nor received any further documents. *Id.*

## III. <u>FURTHER RESPONSES AND DOCUMENTS ARE WARRANTED</u>

Plaintiff requests further responses and/or documents to Request Nos. 1, 2, 6-8, 11.  In response to each of these document requests, Prestige indicates that it "is not in *possession* nor has any documents [or communications] as identified" in the Request. Blakely Decl., Exh. C (emphasis added).

Prestige's responses ignore the "custody or control" prong of FRCP 34 & 45 such that it unclear whether Prestige has (a) conducted a diligent search and reasonable inquiry and (b) produced any responsive documents in its custody or control, rather than documents in its mere possession. *See* Fed. R. Civ. Proc. 45(a)(1)(A)(iii) (commanding a third party to produce documents "in that person's possession, custody, or control"); *Allstate Ins. Co. v. A & F Med. P.C.,* 2016 U.S. Dist. LEXIS 168554 at *13 fn. 3, *18-19 (E.D.N.Y. Dec. 6, 2016) (ordering non-party to produce documents within his "control" and not just his possession when his response to the subpoena only noted he had no documents within his possession); *Ramos v. Swatzell*, 2014 U.S. Dist. LEXIS 202043 at *7 (C.D. Cal. Aug. 6, 2014) (ordering third party to affirm in response to the subpoena that they have conducted a diligent search and all responsive documents in their possession, custody, and control have been produced); *Am. Fedn. of musicians of U.S. & Can. v. 212 Prods. LLC*, 2022 U.S. Dist. LEXIS 20917 at *30 (C.D. Cal. Jan. 10, 2022) (same); *In re ATM Fee Antitrust Litig.*, 233 F.R.D. 542, 545 (N.D. Cal. 2005)

(Rule 45 and Rule 34 document requests reach documents within possession, custody, or control of the subpoenaed person); *In re Weatherford Int'l Sec. Litig.*, 2013 U.S. Dist. LEXIS 154446 at *6-7 (S.D.N.Y. Oct. 28, 2013) (noting the "possession, custody, or control" requirement of FRCP 34 applies to subpoenas under FRCP 45).

These responses are also questionable in light of Prestige's sophisticated operations and the fact that Prestige has at least two known customers – Beauty Encounter and PM Trading.  The only documents Prestige produced were in response to Request No. 3, which asks for importation documents. Blakely Decl. ¶ 3, Exhs. A, C.  Prestige produced invoices and purchase orders between it and its Singaporean supplier which total approximately $2.7 million worth of purchases of the Accused Products. Blakely Decl., Exh. C.  While it conceivable that smaller businesses may fail to keep adequate records of its sales, emails, and customer information, it begs the question why a large entity such as Prestige claims it has *zero* documents in its "possession", especially when the purchases occurred as recent as 2022. Blakely Decl. ¶ 5.

 For example, Request No. 8 asks for documents "sufficient to identify all PERSONS who purchased one or more ACCUSED PRODUCTS from YOU." Blakely Decl., Exh. A.  Responsive documents would include purchase orders, invoices, letters, emails, etc. from Prestige to its customers which identify the customer's contact information.  In fact, Beauty Encounter has produced some invoices relating to its purchase of the Accused Products from Prestige, so why does Prestige claim it has no documents with *any* of its customers, including but not limited to Beauty Encounter?  Prestige is likely harboring this information in an attempt to salvage its business relationships, but that is not a proper objection to withhold documents.  In any event, Prestige's objections are waived due to

Prestige's untimely response to the Subpoena and Prestige indeed did not formally raise any. *See* Fed. R. Civ. Proc. 45(d)(2)(B).

Without understanding who Prestige's customers are, Plaintiff is prevented from further investigating the reach of the infringement. Plaintiff is entitled to discover who else is selling the Accused Products. Because trademark infringement claims are centered around a consumer's likelihood of confusion, every instance in which a consumer purchases a product from a business causes further harm to Plaintiff and expands the playing field for consumers to be confused. *See AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979). These unidentified entities are also potential defendants. *Lockheed Martin Corp. v. Network Solutions, Inc.,* 1997 U.S. Dist. LEXIS 10314 at *8-9 (C.D. Cal. Mar. 19, 1997) (any member of the distribution chain can be sued); *North Face Apparel Corp. v. Dahan*, 2014 U.S. Dist. LEXIS 201737 at *17-18 (C.D. Cal. Mar. 14, 2014) ("members of a common distribution are jointly and severally liable for trademark infringement").

Further, documents relating to Prestige's customers would identify the amount of units sold to its customers and the sales derived from the same. Prestige's profits are relevant to Plaintiff's recoverable damages under 15 U.S.C. § 1117(a) should Prestige set aside the default and continue litigating the matter. 15 U.S.C. § 1117(a) (plaintiff is entitled to recover defendant's profits). Only disclosing how much Prestige purchased from its suppliers is just one part of the equation.

In addition, Request Nos. 1, 2, 6, and 11 include communications documents (i.e., emails, letters, memoranda, etc.) regarding the Accused Products, Prestige, Beauty Encounter, and Prestige's suppliers and/or manufacturers of the Accused Products. Blakely Decl., Exh. A. Emails between Prestige and its suppliers or

customers relating to the Accused Products are highly relevant to Plaintiff's trademark infringement claims.  For example, emails showing Prestige acknowledges the counterfeit nature of the Accused Products (or on the flip side, any claimed authenticity) would provide evidence of willfulness. *Adobe Sys. v. Cain*, 2008 U.S. Dist. LEXIS 97227 at *11 (N.D. Cal. Oct. 22, 2008) ("willful infringement requires 'knowledge that the defendant's conduct constitutes trademark infringement'").  In this modern age of technology, it has become the norm for businesses to communicate via email and sometimes text messages.  Accordingly, it begs the question why Prestige claims to have no responsive documents, albeit only in its "possession."

Finally, No. 7 requests agreements between Prestige and Beauty Encounter relating to the Accused Products.  Beauty Encounter specifically specifies what types of agreements (i.e., contracts) it is looking for within the Request – "design, development, procurement, supply, sales and invoicing, marketing, licensing, and indemnification." Blakely Decl., Exh. A.  Similar to the communications documents, any agreements that might discuss the authenticity (or lack thereof) of the Accused Products or any agreement (or lack thereof) in Prestige indemnifying Beauty Encounter is relevant to Plaintiff's trademark infringement lawsuit.  Prestige's response makes it unclear whether a diligent search and reasonable inquiry has been performed and whether there are documents within Prestige's "custody or control", and not just its mere possession.

Further, in light of Prestige's failure to participate in the California action, Plaintiff is prejudiced from being able to obtain further discovery from Prestige.  Although Plaintiff has issued a subpoena for Prestige's appearance at deposition, it is likely that Prestige will also fail to comply in light of the fact that it has failed to communicate or cooperate with Plaintiff thus far.  Therefore, this Court should

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

grant Plaintiff's Motion in order to provide Plaintiff with means to conduct discovery against Prestige.

## IV.  <u>CONCLUSION</u>

For the foregoing reasons, this Court should order Prestige to affirm that it has conducted a diligent search and inquiry in response to the Subpoena Requests at issue and compel Prestige to produce responsive documents in its possession, custody, or control to Request Nos. 1, 2, 6-8, 11.


Dated:        December 20, 2023    BLAKELY LAW GROUP


                                 By:    */s/ Brent H. Blakely*_____
                                        Brent H. Blakely (BB1966)
                                        247 Water St., Unit 1
                                        New York, New York 10038
                                        Telephone: 310-546-7400
                                        Email: bblakely@blakelylawgroup.com
                                        ***Attorneys for Plaintiff***
                                        ***Abercrombie & Fitch Trading Co.***

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In the Matter of Subpoena Issued to Third-Party Prestige Beauty Group, LLC in Action Pending in the United States District Court for the Central District of California entitled | Misc Case No.   1:23-mc-00492 |
| | Pending in Central District of California, Case No. 8:23-cv-00496-WLH-ADSx |
| ABERCROMBIE & FITCH TRADING, CO., an Ohio Corporation, | **DECLARATION OF BRENT H. BLAKELY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES AND DOCUMENTS IN RESPONSE TO SUBPOENA AGAINST PRESTIGE BEAUTY GROUP, LLC** |
| Plaintiff, | |
| v. | |
| BEAUTY ENCOUNTER, INC., a California Corporation; A.A. IRIE PERFUME, INC., a Florida Corporation; HAZ INTERNATIONAL, INC., a Delaware Corporation; L.A. FRAGRANCES, INC., a California Corporation; NANDANSONS INTERNATIONAL, INC., a New York Corporation; PM TRADING CORP, a California Corporation; PRESTIGE BEAUTY GROUP, LLC, a New Jersey limited liability company; and DOES 1-10, inclusive, | |
| Defendants. | |

## DECLARATION OF BRENT H. BLAKELY

I, Brent H. Blakely, declare as follows:

1.     I am an attorney with Blakely Law Group, counsel of record for plaintiff Abercrombie & Fitch Trading, Co. ("Plaintiff" or "Abercrombie") in the above-referenced action.  I have personal knowledge of the facts stated herein, and if called as a witness, I would and could testify competently thereto.  I make

this declaration in support of Plaintiff's Motion to Compel Further Responses and Documents in Response to Subpoena Against Prestige Beauty Group, LLC ("Prestige").

2.       On March 20, 2023, Plaintiff filed its initial Complaint against defendant Beauty Encounter, Inc. ("Beauty Encounter") in the Central District of California.   Through discovery, my office learned that Beauty Encounter purchased the Accused Products from six suppliers, including defendant PM Trading Corp ("PM Trading") and Prestige.   PM Trading also obtained the Accused Products from Prestige and another entity.

3.       On August 18, 2023, Plaintiff issued a Subpoena to Produce Documents to Prestige, who was served with the same on August 21, 2023.  The Subpoena requested Prestige to comply at my firm's New York office, 247 Water Street, Unit 1, New York, New York 10038, which is within 100 miles of Prestige, located at 5 Sutton Place, Edison, New Jersey 08817.  Prestige's response was due September 1, 2023. Attached as **Exhibit A** is a true and correct copy of the Subpoena. Attached as **Exhibit B** is a true and correct copy of the proof of service.

4.       On October 2, 2023, Plaintiff filed its First Amended Complaint adding Prestige (and others) as a defendant. As Prestige failed to Answer, the Clerk entered default against Prestige.

5.       On December 1, 2023, Prestige provided its responses to the Subpoena at issue in this Motion. The only documents it provided were invoices and purchase orders between Prestige and its supplier in Singapore.   These invoices show that Prestige purchased the Accused Products for approximately $2.7 million from 2020-2022. Attached as **Exhibit C** is a true and correct copy of Prestige's responses.

6.       On December 4, 2023, my office began meeting and conferring with

2

Prestige by asking whether Prestige has any other documents responsive to the Subpoena, including but not limited to, sales records, given Plaintiff is aware of at least two of Prestige's customers (PM Trading and Beauty Encounter).  My office did not receive a response.

      7.     On December 5, 2023, pursuant to CDCA's Local Rules, my office issued a meet and confer letter to Prestige and requested a teleconference within 10 days. To date, my office has not heard a response from Prestige nor received any further documents.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

      Executed on December 20, 2023 in Manhattan Beach, California.


                                */s/ Brent Blakely*
                                  Brent Blakely

# EXHIBIT A

1  Brent H. Blakely (SBN 157292)
   bblakely@blakelylawgroup.com
2  Jamie Fountain (SBN 316567)
   jfountain@blakelylawgroup.com
3  BLAKELY LAW GROUP
   1334 Parkview Avenue, Suite 280
4  Manhattan Beach, California 90266
   Telephone: (310) 546-7400
5  Facsimile: (310) 546-7401
   **Attorneys for Plaintiff**
6  **Abercrombie & Fitch Trading, Co.**

7

8                **UNITED STATES DISTRICT COURT**

9                **CENTRAL DISTRICT OF CALIFORNIA**

10

11  ABERCROMBIE & FITCH TRADING,        ) CASE NO.: 8:23-cv-00496-JVS-(ADS)
    CO., an Ohio Corporation,           )
12                                      )
                                        )
13                         Plaintiff,   ) **NOTICE OF PLAINTIFF**
                                        ) **ABERCROMBIE & FITCH**
14            v.                        ) **TRADING, CO.'S ISSUANCE OF**
                                        ) **SUBPOENA TO PRODUCE**
15  BEAUTY    ENCOUNTER,    INC.,    a  ) **DOCUMENTS TO THIRD-PARTY,**
    California Corporation; and DOES 1-10, ) **PRESTIGE BEAUTY GROUP, LLC**
16  inclusive,                          )
                                        )
17                         Defendant.   )
                                        )
18                                      )
                                        )
19                                      )
                                        )
20                                      )

21  _____

22  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

23

24        PLEASE TAKE NOTICE that Plaintiff Abercrombie & Fitch Trading, Co.

25  has issued and intends to serve Prestige Beauty Group, LLC a New Jersey limited

26  liability company with a principal place of business at 5 Sutton Place, Edison, New

27  Jersey 08817  the following Subpoena to Produce Documents, Information, or

28  Objects, as fully set forth in **Attachment A** to the Subpoena.

1

2

    DATED:     August 18, 2023    By:   /s/  Jamie Fountain

3
                                                              Brent H. Blakely

4
                                                              Jamie Fountain
                                                              **BLAKELY LAW GROUP**

5
                                                              **Attorneys for Plaintiff**
                                                              **Abercrombie & Fitch Trading, Co.**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

| | |
|---|---|
| ABERCROMBIE & FITCH TRADING CO. | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   8:23-cv-00496 |
| BEAUTY ENCOUNTER, INC. | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                  PRESTIGE BEAUTY GROUP LLC
                                     5 Sutton Place, Edison, NJ 08817
                         _____
                         *(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See Attachment A.

| Place: BLAKELY LAW GROUP | Date and Time: |
|---|---|
| 247 Water Street, Unit 1 | |
| New York, New York 10038 | 09/01/2023 12:00 pm |

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   08/18/2023
      _____

           CLERK OF COURT
                                               OR
  _____          /s/ Jamie Fountain
                                           _____
  *Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiff
Brent Blakely- bblakely@blakelylawgroup.com (310) 546-7400;   _____ , who issues or requests this subpoena, are:
Jamie Fountain - jfountain@blakelylawgroup.com (310) 546-7400; 1334 Parkview Ave. Ste. 280 Manhattan Beach, CA 90266

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:23-cv-2051

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____          _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, YOU ARE COMMANDED to produce documents, electronically stored information, or objects in accordance with the following definitions and instructions.

## I.   DEFINITIONS AND INSTRUCTIONS

Unless a contrary meaning clearly appears in the context, the following definitions shall apply and be used herein, regardless of whether upper- or lower-case letters are used:

A.     "YOU," and "YOUR," refers to Prestige Beauty Group, LLC and its past or present affiliates, parents, subsidiaries, predecessors, successors, partnerships, partners, and all related entities, as well as its officers, directors, employees, internal and outside counsel, agents, representatives, consultants, and any person acting under its control or on its behalf.

B.     "PLAINTIFF" or "ABERCROMBIE & FITCH" refers to Plaintiff Abercrombie & Fitch Trading, Co. and its parent company, Abercrombie & Fitch Trading Company, in this Civil Action.

C.     "DEFENDANT" refers to Defendant Beauty Encounter, Inc., including any past or present affiliates, parents, subsidiaries, predecessors, successors, partnerships, partners, and all related entities, as well as officers, directors, employees, internal and outside counsel, agents, representatives, consultants, and any person acting on its behalf.

D.     "COMPLAINT" refers to the most recent Complaint filed by PLAINTIFF in the present action. Attached here as **Exhibit 1**.

E. "ABERCROMBIE & FITCH TRADING, CO. MARKS" refers collectively to the Abercrombie & Fitch Trading, Co., FIERCE, ABERCROMBIE, and ABERCROMBIE & FITCH word trademarks, design trademarks, word plus design composite trademarks identified by U.S. registration number in Paragraph 8 of the COMPLAINT.

F.  "ACCUSED PRODUCTS" refers to any product designed, manufactured, advertised, marketed, distributed, offered for sale, and/or sold by DEFENDANTS that bears identical or confusingly similar reproduction of any one or more of the ABERCROMBIE & FITCH TRADING, CO.'s MARKS as exemplified in Paragraph 18 of the COMPLAINT and reproduced below for reference:



G.  "PERSON(S)" shall mean a natural person, firm, association, organization, partnership, business trust, corporation, or public entity.

H.  "DOCUMENT(S)" refers to and means any physical document or electronically stored information on any medium, as defined in Federal Rule of Civil Procedure 34(a), including, but not limited to, papers, writings, tangible objects, letters, correspondence, bills, memoranda, electronic mail ("email"), messages, laboratory books, reports, photographs, computer presentations, electronic files, electronic transmissions, computer data, video or audio, spreadsheets, facsimiles, drawings, blueprints, and notes.

I.  "COMMUNICATE" and "COMMUNICATIONS" shall mean the transmittal of information in the form of facts, ideas, inquiries, or otherwise, which include any meeting, conference, face-to-face conversation, e-mail communication, telephone conversation, or conference or communication used by any media, as well as any written, taped, or recorded communication of any kind whatsoever.

J.  "IDENTIFY" person(s), for each person identified, provide: (i) the full name, last known address, and telephone number; (ii) his/her employer, position, and title; and (iii) a general description of relevant information he/she has knowledge of.

K.  "DESCRIBE" facts, events, or circumstances, provide a narrative of all your knowledge regarding such facts, events, or circumstances, including an explanation of: (i) where and when any such facts, events, and circumstances occurred; and (ii) the actions and conduct of all person(s) involved in such facts, events, and circumstances.

L.  "REFERRING" or "RELATING" means any subject matter in connection with, comprising, consisting, indicating, describing, evidencing, showing, discussing, commenting on, considering, recommending, dealing with, identifying, incorporating, mentioning, pertaining to or involving in any way, in whole or in part, the subject matter "REFERRING" or "RELATING" to.

## DOCUMENTS YOU ARE COMMANDED TO PRODUCE

**SUBPOENAED DOCUMENT NO. 1**

All COMMUNICATIONS between YOU and DEFENDANT that refer or relate to ABERCROMBIE & FITCH.

**SUBPOENAED DOCUMENT NO. 2**

All COMMUNICATIONS between YOU and DEFENDANT that refer or relate to the ACCUSED PRODUCTS.

**SUBPOENAED DOCUMENT NO. 3**

All DOCUMENTS that refer or relate to the importation into the United States of any ACCUSED PRODUCTS, including but not limited to U.S. Customs Declarations, Bill of Ladings, Invoices, and any other documentation provided to any third-party freight forwarder, warehousing agent, or U.S. governmental entity regarding the importation of fragrance products identified as Abercrombie® Fierce®, regardless of whether such products where imported by YOU for, on behalf of, or at the direction of DEFENDANT or through third-party intermediaries.

**SUBPOENAED DOCUMENT NO. 4**

All DOCUMENTS relating to the supply of any ACCUSED PRODUCTS to DEFENDANT, including but not limited to suggestions, ideas, strategies, recommendations, and decisions regarding how, when, where, and why any ACCUSED PRODUCTS are transported, distributed, shipped, and delivered to DEFENDANT, and by whom.

**SUBPOENAED DOCUMENT NO. 5**

All DOCUMENTS and COMMUNICATIONS that refer or relate to DEFENDANT'S decision to sell any ACCUSED PRODUCTS, including but not limited to documents analyzing, considering, and/or assessing manufacturing and supply costs, profits, revenue, and sales of any ACCUSED PRODUCTS.

**SUBPOENAED DOCUMENT NO. 6**

All DOCUMENTS provided to DEFENDANT that contains any one or more of the terms "ABERCROMBIE," "ABERCROMBIE & FITCH," and "FIERCE," regardless of the order or placement of the terms, including but not limited to all COMMUNICATIONS with DEFENDANT such as e-mails, notes, and memoranda in which any one or more of said terms appear in either the body, subject, heading, or attachment(s) of such COMMUNICATIONS.

**SUBPOENAED DOCUMENT NO. 7**

All DOCUMENTS that refer or relate to any agreement between YOU and DEFENDANT concerning any ACCUSED PRODUCTS, including but not limited to contracts which YOU and DEFENDANT entered into related to the design, development, procurement, supply, sales and invoicing, marketing, licensing, and indemnification from liability arising from any ACCUSED PRODUCTS.

**SUBPOENAED DOCUMENT NO. 8**

All DOCUMENTS sufficient to identify all PERSONS who purchased one or more ACCUSED PRODUCTS from YOU for resale purposes (ie. non-retail customers).

**SUBPOENAED DOCUMENT NO. 9**

All DOCUMENTS that refer or relate to YOUR acquisition, purchase, and procurement of ACCUSED PRODUCTS, including PERSONS involved in the acquisition, purchase, and procurement of ACCUSED PRODUCTS.

**SUBPOENAED DOCUMENT NO. 10**

All DOCUMENTS that refer or relate to the Suppliers, distributors, manufacturers of ACCUSED PRODUCTS offered for sale and/or sold by YOU that bear one or more ABERCROMBIE & FITCH TRADING, CO. MARKS.

**SUBPOENAED DOCUMENT NO. 11**

All DOCUMENTS and COMMUNICATIONS regarding the source of the ACCUSED PRODUCTS; source meaning from the manufacture and any distributors where the ACCUSED PRODUCTS was purchased and/or sold by YOU.

1

2                                        Respectfully,

3

4      DATED:        August 18, 2023        By:    /s/ Jamie Fountain

5                                                   Brent H. Blakely
                                                    Jamie Fountain
6                                                   **BLAKELY LAW GROUP**
                                                    **Attorneys for Plaintiff**
7                                                   **Abercrombie & Fitch Trading, Co.**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTACHMENT A**

# EXHIBIT 1

1  Brent H. Blakely (SBN 157292)
   bblakely@blakelylawgroup.com
2  Jamie Fountain (SBN 316567)
   jfountain@blakelylawgroup.com
3  **BLAKELY LAW GROUP**
   1334 Parkview Avenue, Suite 280
4  Manhattan Beach, California 90266
   Telephone: (310) 546-7400
5  Facsimile: (310) 546-7401

6  **Attorneys for Plaintiff**
   **Abercrombie & Fitch Trading, Co.**
7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  ABERCROMBIE & FITCH TRADING,   ) CASE NO.: 8:23-cv-496
    CO., an Ohio Corporation,      )
12                                 ) **COMPLAINT FOR DAMAGES AND**
                Plaintiff,         ) **EQUITABLE RELIEF:**
13                                 )
                                   ) **1. FEDERAL TRADEMARK**
14             v.                  )    **INFRINGEMENT UNDER THE**
                                   )    **LANHAM ACT**
15  BEAUTY ENCOUNTER, INC., a      )
    California Corporation; and DOES ) **2. FALSE DESIGNATION OF**
16  1-10, inclusive,               )    **ORIGIN AND FALSE**
                                   )    **ADVERTISING**
17              Defendant.         )
                                   ) **3. TRADEMARK INFRINGEMENT**
18                                 )    **UNDER CALIFORNIA COMMON**
                                   )    **LAW**
19                                 )
                                   ) **4. UNFAIR COMPETITION IN**
20                                 )    **VIOLATION OF CAL. BUS. &**
                                   )    **PROF. CODE § 17200** *et seq.*
21                                 )
                                   ) **5. UNFAIR COMPETITION UNDER**
22                                 )    **CALIFORNIA COMMON LAW**
                                   )
23                                   **JURY TRIAL DEMANDED**

24

25

26

27

28

                              1
        **COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

**Plaintiff Abercrombie & Fitch Trading, Co.** ("Abercrombie" or "Plaintiff") for its Complaint against **Defendant BEAUTY ENCOUNTER, INC.** ("**Beauty Encounter**") and DOES 1-10 (collectively "Defendant") alleges as follows:

## JURISDICTION AND VENUE

1.     This action arises out of Defendant's complicit and unlawful acts constituting trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051, et seq. (the "Lanham Act"), for related claims under the statutory and common law of the State of California.

2.     This Court has subject matter jurisdiction over the federal claims asserted in this action under 28 U.S.C. §§ 1331 and 1338(a) and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because they are so related to the federal claims that they form part of the same case or controversy.

3.     This Court has personal jurisdiction over Defendant pursuant to 28 U.S.C. § 1400 because Defendant maintains its headquarters and/or reside in and have committed acts of infringement in this district.

4.     Venue is proper under 28 U.S.C. §§ 1391(b)-(c) because a substantial part of the events or omissions giving rise to the claims alleged occurred in this judicial district, and 28 U.S.C. § 1400(b) because Defendant committed acts of infringement in this judicial district.

## THE PARTIES

5.     Plaintiff Abercrombie & Fitch Trading, Co. is a corporation organized and existing under the laws of the state of Ohio with an office and principal place of business located at 6301 Fitch Path, New Albany, Ohio 43054. Abercrombie operates retail outlets throughout the United States, including within this district. Abercrombie has been, in part, engaged in the business of manufacturing and distributing throughout the world, including within this district, clothing and other goods under multiple world-famous common law and federally registered trademarks, including those identified in Paragraph 8 below.

1  6.      Upon information and belief, Defendant Beauty Encounter, Inc. is a
2  corporation organized and existing under the laws of the state of California with an
3  office and principal place of business located at 18480 Pacific Street, Fountain Valley,
4  California 92708.

5  7.      Abercrombie is informed and believes that, together with Beauty
6  Encounter, other individuals and entities currently named as DOES 1-10 may also be
7  responsible in one manner or another for the wrongs alleged herein, in that at all
8  relevant times, each one (including Beauty Encounter) was the agent and servant of
9  the others and acting within the course and scope of said agency and employment.
10 These other individuals and entities are sued under fictitious names DOES 1-10
11 because their true names and capacities are currently unknown to Abercrombie.
12 Abercrombie will seek leave to amend this Complaint when the true names and
13 capacities of DOES 1-10 are ascertained.

14 ### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

15 **A.    Abercrombie's Trademark Rights**

16 8.      Abercrombie is the owner of all rights in and to the following
17 trademarks, which are valid and registered on the Principal Register of the United
18 States Patent and Trademark Office (collectively the "Abercrombie Marks"):

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| ABERCROMBIE & FITCH | 1,999,665 | September 10, 1996 | IC 003 – Cologne |
| FIERCE | 2,713,598 | May 6, 2003 | IC 003 - Personal care products namely, fragrances |
| ABERCROMBIE | 3,343,871 | November 27, 2007 | IC 003 - Fragrances, namely, colognes and perfumes |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| ABERCROMBIE & FITCH | 4,361,667 | July 2, 2013 | IC 003 - Body lotion; Body spray used as a personal deodorant and as fragrance; Body sprays; Cologne; Deodorants for personal use; Fragrances for personal use; Hair shampoos; Perfume and Shower and bath gel |

The Abercrombie Marks are used in conjunction with the manufacture and distribution of high-quality goods in the categories identified above. True and correct copies of the Certificates of Registration for the Abercrombie Marks are attached hereto as Exhibit "1."

9.     The above U.S. registrations for the Abercrombie Marks are valid, subsisting, in full force and effect, and many are incontestable pursuant to 15 U.S.C. § 1065. The registrations for the Abercrombie Marks constitute prima facie evidence of their validity and of Abercrombie's exclusive right to use the Abercrombie Marks pursuant to 15 U.S.C. § 1057(b). The Abercrombie Marks have been used exclusively and continuously by Abercrombie and have never been abandoned.

10.     The Abercrombie Marks have been used in interstate commerce to identify and distinguish Abercrombie's quality goods for an extended period of time and the Abercrombie Marks have been used by Abercrombie long prior in time to Defendant's use of copies of the Abercrombie Marks

11.     The Abercrombie Marks have achieved tremendous fame and recognition, which has only added to the distinctiveness of the marks. As a result, the Abercrombie Marks are both famous marks and valuable assets. As such, Abercrombie has built substantial goodwill in the Abercrombie Marks, which is of incalculable and inestimable value to Abercrombie.

12.     The Abercrombie Marks have been widely promoted, both in the United

States and throughout the world, and are famous and widely recognized trademarks. In fact, Abercrombie expends substantial resources developing, advertising and otherwise promoting the Abercrombie Marks.

13. Abercrombie extensively uses, advertises, and promotes the Abercrombie Marks in the United States in association with the sale of quality goods and has carefully monitored and policed the use of the Abercrombie Marks.

14. The Abercrombie Marks are distinctive signifying to the purchaser that the products come from Abercrombie and are manufactured to Abercrombie's quality standards. All genuine Abercrombie products are inspected and approved by or on behalf of Abercrombie prior to distribution and sale. As a result of Abercrombie's efforts, members of the consuming public readily identify merchandise bearing or sold under the Abercrombie Marks, as being quality goods sponsored and approved by Abercrombie.

15. Accordingly, the Abercrombie Marks have achieved secondary meaning as identifiers of quality goods.

16. Genuine goods bearing the Abercrombie Marks are widely legitimately advertised, promoted, and sold by Abercrombie to consumers in every state, including California, through Abercrombie & Fitch® retail stores and through the official abercrombie.com website.

**B.  Defendant's Infringing Activities**

17. Upon information and belief, Defendant is engaged in the wholesale and retail sale of fragrance products through Beauty Encounter retail stores, third-party retailers, including Amazon, Stylicy, eBay, and Walmart, and Defendant's website beautyencounter.com, which is available to consumers nationwide.

18. The present lawsuit arises from Defendant's design, manufacture, distribution, advertisement, marketing, offering for sale, and sale of fragrance products which infringe upon Plaintiff's rights to the Abercrombie Marks ("Accused Products"), an exemplar of which is shown below, through Defendant's retail store,

website, eBay store ("beautyencounter" (143839)), Walmart marketplace, and Amazon:



19.    Abercrombie is informed and believes and herein alleges that Defendant is a competitor and has introduced the Accused Products into the stream of commerce to exploit Abercrombie's reputation in the market established in the Abercrombie Marks, brand, and products.

20.    Abercrombie has not granted a license or any other form of permission to Defendant with respect to any of its trademarks or other intellectual property.

21.    Upon information and belief, Defendant may have sold additional products that infringe upon Abercrombie's trademarks or other intellectual property. Abercrombie will seek leave to amend as additional information becomes available through discovery.

22.    Abercrombie is informed and believes and herein alleges that Defendant acted in bad faith and that Defendant's acts have misled and confused and were intended to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of the Accused Products with Abercrombie, or as to the origin, sponsorship, or approval of the Accused Products by Abercrombie.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement and Counterfeiting - 15 U.S.C. § 1114)

23.    Abercrombie incorporates by reference each and every one of the

preceding paragraphs as though fully set forth herein.

24.     This is a trademark infringement action against Defendant based on its unauthorized use in commerce of counterfeit imitations of the federally registered Abercrombie Marks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The Abercrombie Marks are highly distinctive marks. Consumers have come to expect the highest quality from Abercrombie products sold, offered for sale, or marketed under the Abercrombie Marks.

25.     Defendant has sold, offered to sell, marketed, distributed, and advertised, and is still selling, offering to sell, marketing, distributing, and advertising products using counterfeit reproductions of the Abercrombie Marks without Abercrombie's permission.

26.     Abercrombie is the exclusive owner of the Abercrombie Marks. Abercrombie's United States Registrations for the Abercrombie Marks are in full force and effect. Upon information and belief, Defendant has knowledge of Abercrombie's rights in the Abercrombie Marks, and is willfully infringing and intentionally using counterfeits of the Abercrombie Marks. Defendant's willful, intentional and unauthorized use of the Abercrombie Marks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the counterfeit Accused Products among the general public.

27.     Defendant's activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

28.     Abercrombie has no adequate remedy at law, and if Defendant's actions are not enjoined, Abercrombie will continue to suffer irreparable harm to its reputation and the goodwill of its well-known Abercrombie Marks.

29.     The injuries and damages sustained by Abercrombie have been directly and proximately caused by Defendant's wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of counterfeit Abercrombie products.

30.     In light of the foregoing, Plaintiff is entitled to injunctive relief

1  prohibiting Defendant from using any of the Abercrombie Marks and/or any marks
2  identical and/or confusingly similar thereto, and to recover from Defendant all
3  damages, including attorney's fees, that Plaintiff has sustained and will sustain as a
4  result of such infringing acts, and all gains, profits and advantages obtained by
5  Defendant as a result thereof, in an amount not yet known, as well as the costs of this
6  action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to
7  15 U.S.C. § 1117 (b), and/or statutory damages pursuant to 15 U.S.C. § 1117(c).

8  ## SECOND CLAIM FOR RELIEF

9  ### (False Designations of Origin and False Descriptions - 15 U.S.C. § 1125(a))

10  31.  Abercrombie incorporates by reference each and every one of the
11  preceding paragraphs as though fully set forth herein.

12  32.  Defendant's promotion, marketing, offering for sale, and sale of
13  counterfeit Abercrombie products has created and is creating a likelihood of
14  confusion, mistake, and deception among the general public as to the affiliation,
15  connection, or association with Abercrombie or the origin, sponsorship, or approval of
16  Defendant's counterfeit Abercrombie products by Abercrombie.

17  33.  By using the Abercrombie Marks on counterfeit products, such as the
18  Accused Products, Defendant created a false designation of origin and a misleading
19  representation of fact as to the origin and sponsorship of the Accused Products.

20  34.  Defendant's false designation of origin and misrepresentation of fact as
21  to the origin and/or sponsorship of the Accused Products to the general public
22  involves the use of counterfeit marks and is a willful violation of Section 43 of the
23  Lanham Act, 15 U.S.C. § 1125.

24  35.  Abercrombie has no adequate remedy at law and, if Defendant's actions
25  are not enjoined, Abercrombie will continue to suffer irreparable harm to its
26  reputation and the goodwill of the Abercrombie brand.

27  36.  In light of the foregoing, Abercrombie is entitled to injunctive relief
28  prohibiting Defendant from using any of the Abercrombie Marks and/or any marks

identical and/or confusingly similar thereto, and to recover from Defendant all damages, including attorney's fees, that Abercrombie has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a).

## THIRD CLAIM FOR RELIEF

### (Unfair Competition in Violation of Cal. Bus. & Prof. Code, § 17200 *et. seq.*)

37. Abercrombie incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

38. Defendant's misappropriation and unauthorized use of the Abercrombie Marks to promote the Accused Products is likely to confuse or mislead consumers into believing that such products are authorized, licensed, affiliated, sponsored, and/or approved by Abercrombie, constituting deceptive, unfair, and fraudulent business practices and unfair competition in violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200 *et. seq.* ("UCL").

39. Upon information and belief, Defendant's deceptive, unfair, and fraudulent business practices were willfully undertaken with full knowledge of Abercrombie's rights in the Abercrombie Marks and with the intent to misappropriate Abercrombie's goodwill and reputation established in the Abercrombie Marks.

40. Defendant's conduct is unfair within the meaning of the UCL because it allows Defendant to benefit unjustly by virtue of the goodwill and positive reputation that members of the general public associate with Abercrombie and its products. As described herein, and on information and belief, Defendant has intentionally violated, and continues to violate, Abercrombie's rights in the Abercrombie Marks to enjoy the commercial benefits derived therefrom.

41. Defendant's conduct is fraudulent in violation of the UCL because Defendant is willfully and deliberately misleading the public by using in commerce reproductions, counterfeits, copies, and/or colorable imitations of authentic

1    Abercrombie products.

2         42.    This conduct is likely to confuse the public as to whether Defendant's

3    products are somehow associated, affiliated, or connected with Abercrombie, or vice

4    versa.

5         43.    As a direct and proximate result of the foregoing acts, Abercrombie has

6    suffered and will continue to suffer significant injuries in an amount to be determined

7    at trial.  Abercrombie is entitled to all available relief provided for under the

8    California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200 *et. seq.*,

9    including an accounting and disgorgement of all illicit profits that Defendant made on

10   account of its deceptive, unfair, and fraudulent business practices.  Furthermore,

11   because Abercrombie has no adequate remedy at law for Defendant's ongoing

12   unlawful conduct, Abercrombie is entitled to injunctive relief prohibiting Defendant

13   from unfair competition.

14                        **FOURTH CLAIM FOR RELIEF**

15              **(Trademark Infringement under California Common Law)**

16        44.    Abercrombie incorporates by reference each and every one of the

17   preceding paragraphs as though fully set forth herein.

18        45.    Abercrombie owns all rights, title, and interest in and to the Abercrombie

19   Marks, including all common law rights in said marks.

20        46.    Defendant, without authorization from Abercrombie, used and continues

21   to use counterfeit designations that are identical to, substantially indistinguishable

22   from, or confusingly similar to the Abercrombie Marks.

23        47.    The foregoing acts of Defendant are intended to cause, have caused, and

24   are likely to continue to cause confusion, mistake, and deception among consumers,

25   the public, and the trade as to whether Defendant's Accused Products originate from,

26   or are affiliated with, sponsored by, or endorsed by Abercrombie.

27        48.    Upon information and belief, Defendant acted with knowledge of

28   Abercrombie's rights in the Abercrombie Marks and with deliberate intention or

willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

49.    Defendant's acts constitute trademark infringement in violation of the common law of the state of California.

50.    Upon information and belief, Defendant made and will continue to make substantial profits and/or gains to which it is not in law or equity entitled.

51.    Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

52.    Defendant's acts have damaged and will continue to damage Abercrombie's reputation and brand, and Abercrombie has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF

### (Unfair Competition under California Common Law)

53.    Abercrombie incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

54.    Abercrombie owns and enjoys common law trademark rights to the Abercrombie Marks in California and throughout the United States.

55.    Defendant's unlawful acts in appropriating rights in Abercrombie Marks was intended to capitalize on Abercrombie's goodwill for Defendant's own pecuniary gains.  Abercrombie has expended substantial time, resources and effort to obtain an excellent reputation for itself and the Abercrombie Marks.   As a result of Abercrombie's efforts, Defendant is now unjustly enriched and are benefiting from property rights that rightfully belong to Abercrombie.

48.    Defendant's unauthorized use of the Abercrombie Marks has caused and is likely to cause confusion as to the source of Defendant's products, all to the detriment of Abercrombie.

49.    Defendant's acts are willful, deliberate, and intended to confuse the public and to injure Abercrombie.

50. Defendant's acts constitute unfair competition under California common law.

51. Abercrombie has been irreparably harmed and will continue to be irreparably harmed as a result of Defendant's unlawful acts unless Defendant is permanently enjoined from its unlawful conduct.

52. The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Abercrombie in reckless disregard of Abercrombie's rights in the Abercrombie Marks. Said conduct was despicable and harmful to Abercrombie and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendant and to deter Defendant from similar such conduct in the future.

53. Abercrombie has no adequate remedy at law.

56. In light of the foregoing, Abercrombie is entitled to injunctive relief prohibiting Defendant from using the Abercrombie Marks or marks identical and/or confusingly similar thereto, and to recover all damages, including attorneys' fees, that Abercrombie has sustained and will sustain and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Abercrombie & Fitch Trading, Co. respectfully prays for judgment against Defendant Beauty Encounter, Inc. and DOES 1-10 as follows:

1. An order permanently enjoining and restraining Defendant, their agents, servants, employees, officers, associates, and all persons acting in concert with any of them from using Abercrombie's Marks, or any marks, designs, works, confusingly similar/substantially similar thereto, including, but not limited to:

a. manufacturing, designing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling the Accused Products, and/or any products which bear any of the Abercrombie Marks

and/or any marks/designs identical, substantially similar, and/or confusingly similar thereto;

     b.    engaging in any other activity constituting unfair competition with Abercrombie, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations associated with Abercrombie; and

     c.    committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendant are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Abercrombie.

2.  An order requiring Defendant to recall from any distributors and retailers and to deliver to Abercrombie for destruction or other disposition all remaining inventory of Accused Products, or other merchandise bearing the Abercrombie Marks and/or any marks/works confusingly similar thereto, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

3.  An order requiring Defendant to file with this Court and serve on Abercrombie within thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

4. An order for an accounting of all gains, profits and advantages derived by Defendant on account of the unlawful acts complained of herein;

5. An award of all damages, including attorney's fees, that Plaintiff has sustained, and all gains, profits and advantages obtained by Defendant, and the costs of this action pursuant to 15 U.S.C. § 1117(a);

6. An award of attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117 (b);

7. An award of statutory damages pursuant to 15 U.S.C. § 1117(c);

8. An award of damages equal to Defendant's profits and all damages sustained

by Abercrombie as a result of Defendant's wrongful acts;

      9.  An award of punitive damages and Abercrombie's costs, attorneys' fees, and interest as allowed under all applicable federal statutes and California state laws; and

      10. All other relief that the Court may deem just and proper.

Dated:        March 20, 2023      **BLAKELY LAW GROUP**

                              By:     _/s/_ Jamie Fountain
                                          Brent H. Blakely
                                          Jamie Fountain
                                          **Attorneys for Plaintiff**
                                          **Abercrombie & Fitch Trading, Co.**

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Abercrombie & Fitch Trading, Co. hereby demands a trial by jury as to all claims in this Civil Action.


Dated:          March 20, 2023          **BLAKELY LAW GROUP**


By:     /s/ Jamie Fountain
        Brent H. Blakely
        Jamie Fountain
        **Attorneys for Plaintiff**
        **Abercrombie & Fitch Trading, Co.**

# EXHIBIT 1

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52

**United States Patent and Trademark Office**

Reg. No. 1,999,665
Registered Sep. 10, 1996

## TRADEMARK
### PRINCIPAL REGISTER

## ABERCROMBIE & FITCH

A & F TRADEMARK, INC. (DELAWARE COR-
PORATION)
1105 NORTH MARKET STREET
WILMINGTON, DE 19801

FOR: COLOGNE, FACE AND BODY
LOTION, FACE AND BODY SOAP; AND AF-
TERSHAVE, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51
AND 52).

FIRST USE 4–0–1990; IN COMMERCE
4–0–1990.

OWNER OF U.S. REG. NOS. 951,410 AND
1,178,609.

SER. NO. 74–725,849, FILED 9–6–1995.

W. A. CONN, EXAMINING ATTORNEY

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52

**United States Patent and Trademark Office**

Reg. No. 1,999,665
Registered Sep. 10, 1996

## TRADEMARK
### PRINCIPAL REGISTER

## ABERCROMBIE & FITCH

A & F TRADEMARK, INC. (DELAWARE COR-
PORATION)
1105 NORTH MARKET STREET
WILMINGTON, DE 19801

FOR: COLOGNE, FACE AND BODY
LOTION, FACE AND BODY SOAP; AND AF-
TERSHAVE, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51
AND 52).

FIRST USE 4-0-1990; IN COMMERCE
4-0-1990.

OWNER OF U.S. REG. NOS. 951,410 AND
1,178,609.

SER. NO. 74-725,849, FILED 9-6-1995.

W. A. CONN, EXAMINING ATTORNEY

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52

**United States Patent and Trademark Office**

Reg. No. 2,713,598
Registered May 6, 2003

## TRADEMARK
### PRINCIPAL REGISTER

## FIERCE

A & F TRADEMARK, INC. (DELAWARE COR-
PORATION)
1105 NORTH MARKET STREET
WILMINGTON, DE 19801

FOR: PERSONAL CARE PRODUCTS AND COS-
METICS, NAMELY, FOUNDATION CREAM AND
POWDER, EYELINER, MASCARA, LIP GLOSS, LIP-

STICK, FRAGRANCES AND DEODORANT, IN
CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 10-29-1998; IN COMMERCE 10-29-1998.

SER. NO. 78-137,306, FILED 6-20-2002.

IRENE D. WILLIAMS, EXAMINING ATTORNEY

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52

**United States Patent and Trademark Office**

Reg. No. 3,343,871

Registered Nov. 27, 2007

## TRADEMARK
### PRINCIPAL REGISTER

# ABERCROMBIE

ABERCROMBIE & FITCH TRADING CO. (OHIO CORPORATION)

6301 FITCH PATH

NEW ALBANY, OH 43054

FOR: FRAGRANCES, NAMELY, COLOGNES AND PERFUMES, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 11-30-2004; IN COMMERCE 11-30-2004.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 1,999,665 AND 2,500,146.

SEC. 2(F).

SER. NO. 78-760,042, FILED 11-23-2005.

LAURIE KAUFMAN, EXAMINING ATTORNEY



# United States of America
## United States Patent and Trademark Office

# ABERCROMBIE & FITCH

**Reg. No. 4,361,667**

**Registered July 2, 2013**

**Int. Cl.: 3**

**TRADEMARK**

**PRINCIPAL REGISTER**

ABERCROMBIE & FITCH TRADING CO. (OHIO CORPORATION)
ATTN: JACOB KRAMER
6301 FITCH PATH
NEW ALBANY, OH 43054

FOR: BODY LOTION; BODY SPRAY USED AS A PERSONAL DEODORANT AND AS FRAGRANCE; BODY SPRAYS; COLOGNE; DEODORANTS FOR PERSONAL USE; FRAGRANCES FOR PERSONAL USE; HAIR SHAMPOOS; PERFUME AND SHOWER AND BATH GEL, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 4-0-1990; IN COMMERCE 4-0-1990.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 77-871,823, FILED 11-13-2009.

RONALD AIKENS, EXAMINING ATTORNEY



Acting Director of the United States Patent and Trademark Office

# EXHIBIT B

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):*<br>Brent H. Blakely, Esq. (SBN: 157292)<br>BLAKELY LAW GROUP<br>1334 Parkview Avenue, Suite 280<br>Manhattan Beach, California 90266<br>ATTORNEY FOR *(Name):* Plaintiff, Abercrombie & Fitch Trading, Co. | TELEPHONE NO.:<br>(310)546-7400<br><br>Ref. No. or File No.<br>95847 | FOR COURT USE ONLY |
| --- | --- | --- |

Insert name of court and name of judicial and branch court, if any:
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

SHORT TITLE OF CASE:
ABERCROMBIE & FITCH TRADING, CO., an Ohio Corporation, v. BEAUTY ENCOUNTER, INC.

| PROOF OF SERVICE | HEARING DATE:<br>September 1, 2023 | TIME:<br>12:00 p.m. | DEPT./DIV. | CASE NUMBER:<br>8:23-cv-00496-JVS-(ADS) |
| --- | --- | --- | --- | --- |

1. At time of service I was at least 18 years old & not a party to the action

2. I served the following documents: SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

3.  a. **Name of party served**: PRESTIGE BEAUTY GROUP LLC

    b . **Person with whom left**: Banwari Kapoor, Manager, Authorized to accept.

4. **Address**: 5 Sutton Place, Edison, NJ 08817

5. I served the party:
        b. **by personal service**: On: August 21, 2023 at 3:39 PM

            (1) Code of Civil Procedure – CCP 2020.220 (b) serve the subpoena by personal delivery

            (2) Code of Civil Procedure – CCP 2020.220 (c) Personal service of any deposition subpoena

6. The Subpoena was served by delivering a true copy thereof.

7. Witness fees in the amount of $0.00 were tendered at the time of service.


Fees for Service:
Person serving: **Raymond Dash**                                    a New Jersey Process Server
County Legal Attorney Service                                      (1) an independent contractor
816 S. Figueroa St., # 100                                        (2) Registration No.: N/A
Los Angeles, California 90017                                      (3) County: N/A
Tel.: (213) 327-0014

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


Executed on: August 21, 2023                              Signature: _____

Proof of Service complies with CRC 982(a)(23) as required by CCP 417.10

**PROOF OF SERVICE**

# EXHIBIT C

**BORRUS, GOLDIN, FOLEY, VIGNUOLO, HYMAN & STAHL**
**A Professional Corporation**
**2875 U.S. Highway #1**
**North Brunswick, New Jersey 08902**
**Telephone (732) 422-1000**
**Attorneys for Prestige Beauty Group LLC**
**James E. Stahl, Esq. New Jersey Attorney No. 281971972**

| | |
|---|---|
| ABERCROMBIE & FITCH TRADING CO., an Ohio Corporation,<br><br>                  Plaintiff,<br><br>v.<br><br>BEAUTY ENCOUNTER, INC., a California Corporation; and DOES 1-10, inclusive,<br><br>               Defendants. | UNITED STATES DISTRICT COURT<br>for the<br>Central District of California<br><br>Civil Action No. 8:23-cv-00496-JVS-ADS<br><br>**RESPONSE TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** |

To:    Brent Blakely, Esq.
       Tara A. Currie, Esq.
       Blakely Law Group
       1334 Parkview Avenue, Suite 280
       Manhattan Beach, CA 90266
       Email:  bblakely@blakelylawgroup.com
       Email:  tcurrie@blakelylawgroup.com

The undersigned, as counsel for Prestige Beauty Group LLC ("Prestige"), located at 5 Sutton Place, Edison, New Jersey 08817, by way of Response to the Subpoena, annexed hereto as Exhibit "A", states:

The following responses represent a true and accurate response to the Subpoena based upon the identified documents requested and an investigation of the records of Prestige:

**RESPONSE AS TO SUBPOENAED DOCUMENT NO. 1.:**  Prestige is <u>not</u> in possession nor has any communications as identified in request No. 1.

1

**RESPONSE AS TO SUBPOENAED DOCUMENT NO. 2.:**   Prestige is <u>not</u> in possession nor has any communications as identified in request No. 2.

**RESPONSE AS TO SUBPOENAED DOCUMENT NO. 3.:**   See invoices, bills of lading, etc., annexed hereto as Exhibit "B", in connection with purchase of alleged "ACCUSED PRODUCTS".  Prestige does <u>not</u> know whether any of the products described in the enclosures are or are not "ACCUSED PRODUCTS", however, the invoices do indicate a reference to Abercrombie and Fierce.

**RESPONSE AS TO SUBPOENAED DOCUMENT NO. 4.:**   Prestige is <u>not</u> in possession nor has any documents as identified in request No. 4.

**RESPONSE AS TO SUBPOENAED DOCUMENT NO. 5.:**   Prestige is <u>not</u> in possession nor has any communications or documents as identified in request No. 5.

**RESPONSE AS TO SUBPOENAED DOCUMENT NO. 6.:**   Prestige is <u>not</u> in possession nor has any communications or documents as identified in request No. 6.

**RESPONSE AS TO SUBPOENAED DOCUMENT NO. 7.:**   Prestige is <u>not</u> in possession nor has any documents as identified in request No. 7.

**RESPONSE AS TO SUBPOENAED DOCUMENT NO. 8.:**   Prestige is <u>not</u> in possession nor has any documents as identified in request No. 8.

**RESPONSE AS TO SUBPOENAED DOCUMENT NO. 9.:**   Prestige is <u>not</u> in possession nor has any documents as identified in request No. 9.

**RESPONSE AS TO SUBPOENAED DOCUMENT NO. 10.:**   Prestige is <u>not</u> in possession nor has any documents as identified in request No. 10.

**RESPONSE AS TO SUBPOENAED DOCUMENT NO. 11.:**   Prestige is <u>not</u> in

possession nor has any communications or documents as identified in request No. 11.

BORRUS, GOLDIN, FOLEY, VIGNUOLO,
HYMAN & STAHL, P.C.
Attorneys for Prestige Beauty Group LLC


By: _____
      JAMES E. STAHL


DATED:      December 1, 2023

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of Subpoena Issued to Third-Party Prestige Beauty Group, LLC in Action Pending in the United States District Court for the Central District of California entitled<br><br>ABERCROMBIE & FITCH TRADING, CO., an Ohio Corporation,<br><br>Plaintiff,<br><br>v.<br><br>BEAUTY ENCOUNTER, INC., a California Corporation; A.A. IRIE PERFUME, INC., a Florida Corporation; HAZ INTERNATIONAL, INC., a Delaware Corporation; L.A. FRAGRANCES, INC., a California Corporation; NANDANSONS INTERNATIONAL, INC., a New York Corporation; PM TRADING CORP, a California Corporation; PRESTIGE BEAUTY GROUP, LLC, a New Jersey limited liability company; and DOES 1-10, inclusive,<br><br>Defendants. | Misc Case No. 1:23-mc-00492<br><br>Pending in Central District of California, Case No. 8:23-cv-00496-WLH-ADSx<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES AND DOCUMENTS IN RESPONSE TO SUBPOENA AGAINST PRESTIGE BEAUTY GROUP, LLC** |

After consideration of plaintiff Abercrombie & Fitch Trading, Co.'s ("Plaintiff" or "Abercrombie") Motion to Compel Further Responses and Documents in Response to Subpoena Against Prestige Beauty Group, LLC ("Prestige"), and any oral argument on the Motion, HEREBY ORDERS THAT:

Plaintiff's Motion is GRANTED.  Prestige is ordered to provide further

1

responses to Subpoena Request Nos. 1, 2, 6-8, 11 which affirms that it has conducted a diligent search and reasonable inquiry for the documents requested and to produce documents (if any) in its possession, custody, and control, without objection.

**IT IS SO ORDERED.**

Dated: _____, 2023

_____
**United States District Judge**

**[Proposed Order] Granting Plaintiff's Motion to Compel**