```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
ABERCROMBIE & FITCH TRADING CO.,                                 :
                                                                 :
                          Petitioner,                            :
                                                                 :        23-mc-00492 (LJL)
            -v-                                                  :
                                                                 :            ORDER
PRESTIGE BEAUTY GROUP, LLC,                                      :
                                                                 :
                          Respondent.                            :
                                                                 :
-----------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

On December 20, 2023, Petitioner Abercrombie & Fitch Trading Co. initiated this miscellaneous action by filing a motion to compel Respondent Prestige Beauty Group, LLC, to produce further responses and documents in a multi-defendant trademark infringement case currently pending in the United States District Court for the Central District of California. Dkt. No. 1.

The subpoena was issued by the United States District Court for the Central District of California on August 18, 2023. Dkt. No. 1-2. The subpoena was served on Respondent on August 21, 2023. Dkt. No. 1 at 3. The subpoena seeks documents and communications from Respondent related to the trademark infringement claims at issue in the underlying lawsuit, which claims arise out of the alleged sale of counterfeit cologne. *Id.* at 2–3. Respondent has not appeared in this case and Petitioner's motion is unopposed.

Federal Rule of Civil Procedure 45(f) provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). The Court offered Respondent more than a week to

respond as to whether it consented to the transfer of the motion to compel, Dkt. No. 8, but Respondent failed to respond.  With respect to the "exceptional circumstances" necessary for this Court to transfer the motion *sua sponte*, the Advisory Committee's 2013 Note to Rule 45(f) suggests that "[t]he prime concern should be avoiding burdens on local nonparties subject to subpoenas" and that "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts."  Fed. R. Civ. P. 45 Advisory Committee Notes to 2013 Amendment.  "Rule 45(f) [is] primarily focused on avoiding piecemeal litigation."  *Am. Plan Adm'rs v. S. Broward Hosp. Dist*., 39 F.4th 59, 61 (2d Cir. 2022).

Courts in this District regularly "transfer[ ] similar motions to the issuing court where the issuing court is best-positioned to address the subpoena dispute given the nature of the dispute and the posture and complexity of the underlying action, where the issuing court has already set out a discovery schedule in the underlying action, and to serve the interests of justice and judicial efficiency."  *Full Circle United, LLC v. Bay Tek Ent., Inc*., 581 F. Supp. 3d 523, 525 (S.D.N.Y. 2022) (alteration adopted, internal quotation marks and citations omitted); *see also Honeywell Int'l Inc. v. Mazars USA LLP*, 2022 WL 94881, at *1 (S.D.N.Y. Jan. 10, 2022) (collecting cases).

Transfer of this action to the United States District Court for the Central District of California is appropriate in this case.  Judge Hsu and Magistrate Judge Spaeth, who are presiding over the underlying trademark action, are best positioned to adjudicate the enforcement of this subpoena, especially given the impending fact discovery deadline in that action, and the fact that Judge Hsu and Magistrate Judge Spaeth are actively managing discovery in that action. CM-ECF 8:23-cv-00496-WLH-ADS, Dkt. No. 99; *see Google LLC v. Fortress Inv. Grp.* LLC, 2020 WL

1304039, at *1 (S.D.N.Y. Mar. 18, 2020) (observing that "consistency in rulings and another judge's prior involvement in the underlying action [are] reasons for transferring [the] case" (citing *Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 45–47 (D.D.C. 2014))).

The Court also observes that Respondent has not appeared in this case, nor has Respondent articulated any interest in having the motion resolved in this District. *Hilb Grp. of N.Y., LLC v. Associated Agencies, Inc.*, 2023 WL 5183690, at *1 (S.D.N.Y. Aug. 10, 2023) (transferring unopposed motion to compel to the Eastern District of New York). Accordingly, the Court "concludes that the judicial economy and consistency considerations outweigh any potential burden that a transfer may place on [Respondent]." *Drummond Co., Inc. v. VICE Media LLC*, 2022 WL 445681, at *3 (S.D.N.Y. Feb. 14, 2022) (Nathan, J.) (transferring motion to compel pursuant to Rule 45 in light of the complex discovery sought and the fact that the court adjudicating the underlying action had already ruled on related discovery issues and was familiar with the facts of the action and their relation to the subpoena).

SO ORDERED.

## CONCLUSION

The motion to compel is TRANSFERRED to the Central District of California.

The Clerk of Court is respectfully directed to close Dkt. No. 1.

SO ORDERED.

Dated: January 31, 2024
New York, New York

_____
LEWIS J. LIMAN
United States District Judge